# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOKAOGON CHIPPEWA COMMUNITY<br>3051 Sand Lake Road<br>Crandon, Wisconsin 54520<br><br>Plaintiff,<br><br>v.<br><br>DIRK KEMPTHORNE<br>Secretary of the Interior,<br>U.S. Department of the Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>ROSS O. SWIMMER<br>Special Trustee<br>Office of Special Trustee<br>for American Indians<br>Department of the Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>HENRY PAULSON<br>Secretary of the Treasury<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20240<br><br>Defendants. | Case No. |

## COMPLAINT

## A.    INTRODUCTION

1. This is an action by the Plaintiff for an accounting and a reconciliation of its trust funds, and for such other relief as the Court deems appropriate.

## B.    PARTIES

2. Plaintiff is a federally recognized Indian tribe, recognized by the United States as a sovereign Indian tribe with legal rights and responsibilities. The Plaintiff has a governing body duly recognized by the Secretary of the Interior. The Plaintiff is also recognized by the United States as a Tribe which is eligible for the special programs and services provided by the United States to Indians and because of their status as Indians, and because of the Plaintiff's treaties and other agreements with the United States.

3. Defendant, Dirk Kempthorne, is the Secretary of the Interior who is charged by law with carrying out the duties and responsibilities of the United States as trustee for the Plaintiff.

4. Defendant Henry Paulson is the Secretary of the Treasury who is the custodian of the Plaintiff's trust funds, and who is responsible for the administration of those funds and for the preparation and maintenance of records in connection with those funds.

5.    Defendant Ross O. Swimmer is the Special Trustee for the American Indians, appointed by the President of the United States with the advice and consent of the Senate.   A number of, but not all, of Defendant Swimmer's legal duties and responsibilities to the Plaintiff are detailed in the Act of October 25, 1994, Pub. L. No. 103-412, 108 State. 4239.

## C.    JURISDICTION AND VENUE

6.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 1362. This is a civil action brought by an Indian tribe.   This case arises under the Constitution of the United States, including but not limited to U.S. Const. Art 6 (Supremacy Clause) and Amend. 5 (Due Process and Taking Clauses); and under the Plaintiff's treaties and other agreements with the United States and federal common law.   As pled herein, it also arises under federal statues governing the Plaintiff's legal relationship with the United States and governing the administration and management of property held by the United States in trust for tribes. The Court also has jurisdiction under 28 U.S.C. §1361 and 5 U.S.C. §§ 702, 704 and 706, as this is an action for injunctive relief to compel federal officials to perform a duty owed to the Plaintiff.

7.    Venue is properly in this district under 28 U.S.C. §§1391(b)(2) and (e)(1) and (2) because this is an action in which the Defendants are

officers and employees of the United States acting in an official capacity, and because a substantial percentage of the events or omissions giving rise to the claims herein have occurred within this judicial district.

## D.    STATEMENT OF FACTS

8. The Plaintiff resides within an Indian Reservation established by the United States.   The Plaintiff is the successor in interest to the signatories of certain Indian treaties with the United States and it is the beneficial owner of certain monies currently or previously held in trust for the Plaintiff by the United States, as well as of certain land and other trust assets, title to which is held in trust by the United States for the benefit of the Tribe.  The Plaintiff is also the owner of the natural resources located on that land, including, among others:   water, timber and a variety of mineral reserves.  The Plaintiff's trust holdings also include land which is valuable for grazing, agriculture and recreational use, and for other purposes.

9.   Under the terms of its treaties, and under other applicable law, the tribal land held in trust and the tribal resources located on those trust lands are inalienable except as authorized by Congress, or by the terms and conditions of the Plaintiff's treaties with the United States, 25 U.S.C. §177.  Congress has granted the Secretary of the Interior the authority to

approve conveyances of certain interests in the Plaintiff's trust lands and trust resources, including but not limited to: leases, easements, rights of way, resource harvesting and resource use agreements. Federal law establishes the terms and condition under which such conveyances may be made. Federal law also generally requires that compensation be paid to the Plaintiff for the conveyance and the use of tribal lands and tribal trust resources.

10. Since the Plaintiff's treaties were ratified by the Congress, the Congress by its enactment of 25 U.S.C. §2 and other federal laws, has granted the Secretary of the Interior certain limited authority to withdraw certain of the Plaintiff's lands for federal and private purposes including, but not limited to educational, religious and governmental uses. Federal law also establishes the terms and conditions under which such withdrawals may be made, and when the land is to be returned to tribal use. Federal law generally requires that compensation be paid to the Plaintiff for the conveyance or use of said tribal lands.

11. The Plaintiff entered into treaties, settlements and other contractual agreements with the United States pursuant to which the United States took possession of certain of the Plaintiff's lands and other valuable resources. When the United States took possession of those items

it obligated itself to provide specific consideration to the Plaintiff. As stated in those agreements, that consideration often took the form of money and/or goods and services which were to be provided by the United States to the Plaintiff and its members. In numerous instances, the Congress of the United States appropriated funds to pay that consideration, and those appropriated dollars became the trust property of the Plaintiff until that consideration was delivered. Plaintiff has never received an accounting of how many of those appropriated funds were invested, how they were expended, and what happened to those funds between the time that the funds were appropriated and the time that Plaintiff actually received the full consideration provided for in those agreements.

12. When they took office, Defendant Secretary of the Interior and his predecessors assumed control and management over the Plaintiff's trust property described in paragraphs 8 and 11 above. In this capacity Defendant Secretary of the Interior and his predecessors have approved, among others: (A) agreements for the use and extraction of natural resources which are or were located in the Plaintiff's trust property; (B) leases of the Plaintiff's trust lands; (C) easements across Plaintiff's trust land and (D) other grants, to third parties, of the authority to use certain of

the Plaintiff's trust lands and natural resources for specific purposes. This Defendant and his predecessors have also, in certain limited instances, conveyed the title to certain of the Plaintiff's lands to third parties and they have approved the use of certain of the Plaintiff's trust lands for Federal purposes. By granting these rights, the Defendant Secretary of the Interior and his predecessors assumed the legal responsibility for the collection of fair and equitable compensation for those conveyances or uses including, but not limited to: royalty payments, rents, purchase prices and such other fees and payments as are or were appropriate.

13. All of the Defendants in this case and their predecessors have, when they took office, assumed the responsibility for the collection of payments described in paragraphs 8 and 11 above and for the investment of both the income that was and is being generated by the Plaintiff's trust lands and trust resources and by the other trust monies paid to the Plaintiff.

14. Because the United States holds the Plaintiff's trust lands, trust resources and the proceeds generated by or from the use , sale, or taking of said resources in trust, it has assumed the obligations of a trustee. U.S. v. Mitchell, 463 U.S. 206, 225 (1983); Cobell v. Norton, 240 F. 3d 1081 (D.C. Circa 2001). As trustee, the United States has a fiduciary relationship with

the Plaintiff and an obligation to administer the trust with the greatest skill and care possessed by the trustee. The United States has charged itself with moral obligation of the highest responsibility and trust in its contact with Indian tribes and its conduct should therefore be judged by the most exacting fiduciary standards. Cobell 240 F. 3d at 1099 (quoting Seminole Nation v. United States, 316 U.S. 286, 297 (1942)).

15. The trust obligation of the United States includes, among other duties, the duty to ensure the tribal trust property and trust funds are protected, preserved and managed so as to produce the highest and best use and return to the tribal owner consistent with the trust character of the property. Said duty requires the United States to further insure that the plaintiff is afforded its full rights to compensation as required by the Constitution of the United States and other applicable law.

16. The trust obligations of the United States include, among others, the duty to: (A) collect the trust funds rightfully owed to the Plaintiff; (B) create trust accounts to hold those funds; (C) insure that the monies owed or paid for the loss or use of tribal lands and trust resources are placed in those accounts; (D) maintain adequate records with respect to the Plaintiff's trust property; (E) maintain adequate systems and controls to guard against errors or dishonesty; (F) provide regular and accurate

accounts to the Plaintiff as the trust beneficiary; (G) refrain from self-dealing or benefiting from the management of the trust property; (H) insure the Federal Government's compliance with the protections afforded the Plaintiff under the Constitution of the United States and other applicable law and (I) to consult with the Plaintiff regarding the management of its trust property.

17.    Congress has charged the Defendants with fulfilling the obligation of the United States as trustees and with the responsibility of the administration and management of all trust property of the Plaintiff in compliance with the Constitution of the United States and other applicable law.

18.  Defendants control and manage all of the Plaintiff's trust lands and trust assets.  They also have control over all of the books and records of accounts affecting the Plaintiff's trust funds and trust property. Defendants have never rendered a full, accurate and timely audit or accounting to the Plaintiff of its trust monies, or provided the Plaintiff with a clear statement as to the origin or use of all of the funds in each of those accounts.  In some instances, where the funds were derived or should have been derived from federal payments to the Plaintiff, the Defendants have failed to provide the Plaintiff with a clear statement of why these

payments were being made, what if any interest was being paid and how the federal government determined the amounts which were due and payable. Defendants have also failed to establish any effective system for regular or periodic accounts of the Plaintiff's trust property and funds, nor have they provided the Plaintiff with those accountings or reports. As a consequence Defendants have kept and continue to keep the Plaintiff, who is the trust beneficiary, uninformed as to: (A) the trusty property, trust funds and trust resources it owns or owned; (B) the income that the Plaintiff's currently owned and previously owned trust property, resources and funds have produced, and (C) what disposition has been made of that income.

19. As found by the United States Inspector General for the Department of the Interior, the United States General Accounting Office, and the United States Congress, among others, there are massive and long-standing problems with the Defendant's administration of Indian Trust funds. After a series of oversight hearings on Interior's management of Indian trust funds, Congress issued a report condemning these practices. See Misplaced Trust Bureau of Indian Affairs Mismanagement of the Indian Trust Fund. H.R., Report No. 102-499, 102 Cong. 2d Sess. (1992), in which the Congress noted that numerous reports prepared by the Interior

10

Department's Inspector General, the General Accounting Office and the Office of Management and Budget have documented significant and habitual problems with the management of tribal trust monies. Those reports have also documented a persistent failure to adhere to the duties and obligations the law imposes on a trustee, as well as a consistent pattern of refusing or ignoring directives to correct these problems and a history of inaction and incompetence in the management of these assets. Congress also noted that this has culminated in the Bureau of Indian Affairs' inability to accurately account for trust fund monies, and its inability to even provide the tribal beneficiaries with full and accurate statements of their trust account balances.

20.   Congress therefore concluded that the Bureau of Indian Affairs has failed to manage and invest these funds in the manner required by law. See Misplaced Trust Bureau of Indian Affairs Mismanagement of the Indian Trust Fund, supra.

21.   Upon information and belief, this mismanagement and this lack of a basic ability to manage these funds has resulted in losses to the Plaintiff, a trust beneficiary. However, the extent of these losses is unknown to the Plaintiff at this time because the Defendants have:

(A) failed to provide the plaintiff with a full, and complete accounting of the source of its trust funds,

(B) failed to provide the Plaintiff with an accurate accounting of the amount contained in each of its accounts, and the few reports that it has provided, like the one prepared by Arthur Anderson, are incomplete and inaccurate,

(C) failed to provide the Plaintiff with a comprehensive statement of the use and investment of its trust funds and the interest earned on those dollars,

(D) failed to maintain accurate books and records of the Plaintiff's account,

(E) lost and destroyed relevant trust account records,

(F) failed or refused to disclose known losses, or unmade or incomplete payments to the Plaintiff and other trust beneficiaries,

(G) failed or refused to reimburse trust beneficiaries for lost in their trust funds, and

(H) failed to properly create certain trust accounts and deposit the appropriate monies in those accounts.

See Misplaced Trust. H.R., Rept. No. 102-499 at 37-41.

22. By the Act of December 22, 1987, Pub. L. No. 100-202, 101 Stat. 1329, Congress imposed two requirements on the Defendants: (1) that they audit and reconcile tribal trust funds, and (2) that they provide the tribes with an accounting of such funds. Congress reaffirmed these two mandates in subsequent statues. By these acts, Congress further required that the Defendants certify, through an independent party, the results of the reconciliation of tribal trust funds as the most complete reconciliation possible of such funds. The Arthur Anderson report clearly does not meet these requirements.

23. To protect the rights of the Plaintiff and other tribes until an accounting of the trust funds could be completed, Congress has provided, in each Interior Department Appropriations Act since 1990, a provision stating that "the statue of limitations shall not commence to run on any claim concerning losses to or mismanagement of trust funds until the affected tribe or individual Indian has been furnished with an accounting of such funds from which the beneficiary can determine whether there has been a loss".

24. On October 25, 1994, Congress enacted the American Indian Trust Fund Management Reform Act. Under the provisions of this Act, the Congress recognized the pre-existing trust responsibilities to the

United States, and charged the Defendants with addition responsibilities to ensure the proper discharge of their individual responsibilities, as well as the trust responsibilities of the United States.

25.   As evidenced by reports issued by the Interior Department's Inspector General, the General Accounting Office, and the Office of Management and Budget, among others, notwithstanding the foregoing Acts of Congress, Defendants have continued to fail to implement the reforms required by law and have hampered the Special Trustee for American Indians in his efforts to perform his legal obligations.   The Defendants' continued failure to implement the required reforms and to provide timely and meaningful accounting is now the subject of pending litigation in federal court, Cobell v. Norton, No. 96-1285 (D.D.C.).   The proceedings in that case, which are focused on trust accounts belonging to Indian individual, confirm the Government's breach of those obligations. See Cobell v. Babbitt, 91 F. Supp 2d, 1 (D.D.C. 1999).

26.   To date, the Defendants have failed to provide the Plaintiff with a full, accurate and timely accounting of its trust funds and have failed to meet their other statutory and legal obligations to the Plaintiff leaving them in clear breach of their trust responsibility.

## FIRST CLAIMS FOR RELIEF

### DECLARATORY & INJUNCTIVE RELIEF FOR FAILURE TO PROVIDE A PROPER ACCOUNTING AND FOR A DECLARATION THAT THIS FAILURE HAS INTERFERED WITH PLAINTIFF'S ABILITY TO BRING CLAIMS AGAINST THE UNITED STATES

27.    The Plaintiff alleges and incorporates by reference the allegations contained in paragraphs 1-26 above.

28.   Defendants owe the Plaintiff fiduciary duties and obligations of the highest responsibility and trust to administer the Plaintiff's trust funds with the full care and responsibility of a fiduciary and a trustee.   These obligations should be judged by the most exacting fiduciary standards. Cobell, 240 F. 3d at 1099.

29.   Defendants have failed to adhere to these responsibilities in that they have failed to provide the Plaintiff with a full, accurate and timely accounting of the Plaintiff's trust funds, they have interfered with the Special Trustee in his efforts to comply with this legal obligations and this failure and this interference both constitute a breach of the Defendants' fiduciary duties to the Plaintiff, and are in violation of applicable law.

30.   The Plaintiff is entitled to a declaratory judgment stating that the Defendants have not provided the Plaintiff with an accurate, complete and timely accounting of the Plaintiff's trust funds as required by law.

31.  The Plaintiff is also entitled to a declaratory judgment stating that the Defendants' failure to provide this accounting have deprived the Plaintiff of the ability to determine whether it has suffered a loss and if so to what extent.

## SECOND CLAIM FOR RELIEF

## DECLARATORY AND INJUNCTIVE RELIEF TO COMPEL A PROPER ACCOUNTING

32.  The Plaintiff alleges and incorporates by reference the allegations contained in paragraphs 1-31 above.

33.  Defendants' continuing failure to provide the Plaintiff with timely, accurate and complete accountings of its trust funds will cause the Plaintiff irreparable injury, as records necessary for a proper accounting of these funds have been, and may continue to be lost or destroyed, depriving the Plaintiff of the information essential to determining whether the Plaintiff's trust funds have been properly administered and whether the Plaintiff has suffered a loss.

34.  The Plaintiff is entitled to declaratory and injunctive relief requiring the Defendants to provide the Plaintiff with a full, complete and up to date accounting of all of the Plaintiff's trust funds and preserving any claims which might be identified once that accounting is received.

## THIRD CLAIM FOR RELIEF

## DECLARATORY AND MANDATORY INJUNCTIVE RELIEF COMPELLING PROPER MANAGEMENT OF PLAINTIFF'S PRESENT AND FUTURE ACCOUNTS

35. The Plaintiff is entitled to declaratory and mandatory injunctive relief compelling the Defendants to manage the Plaintiff's current and future trust funds and trust assets in full compliance with all applicable law and with their duties as the Plaintiff's guardian and Trustee.

## FOURTH CLAIM FOR RELIEF

## PRESERVATION OF DAMAGE CLAIMS

65. The Tribe alleges and incorporates by reference the allegations contained in paragraphs 1-35 above.

66. The Tribe may have claims to damages that cannot be ascertained until after the Defendants make a reconciliation and accounting of the Tribe's trust property and accounts. Some of these claims, should they exist, will have to be filed in the United States Court of Federal Claims.

67. The Tribe is entitled to a judicial order preserving its claims for damages, so that these claims can be filed after it received an accurate reconciliation and accounting of its trust funds from Defendants.

## F.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays:

1.    For a declaration that the Defendants have not provided the Plaintiff with a complete, accurate and up to date accounting of the Plaintiff's trust funds as required by law.

2.    For a declaration that by so doing, the Defendants have deprived the Plaintiff of the ability to identify whether it has suffered a loss, as well as any specific claims that it might have against the Defendants for their mismanagement of their funds.

3.    For a mandatory injunction requiring the Defendants to provide a full and complete accounting of the Plaintiff's trust funds.

4.    For a judicial order preserving any claims that Plaintiff might uncover once it receives that accounting.

5.    For an order directing the Defendants to manage all of the Plaintiff's current and future trust funds, properties and resources in full compliance with all applicable law and with their duties as the Plaintiff's guardian and trustee.

6.    For an award of cost of suit, without limitation, attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. Section 2412, and other

applicable federal statues, and under general principals of law and equity,

and the fees and costs for expert assistance.

    7.  For such other relief as may be just and equitable.

DATED this _28_ day of December 2006.


OF COUNSEL:

*Patricia Marks, Esq*

Patricia A. Marks, Esq
U.S. District Court Bar# 446702
15992 A. E. Mullinix Road
Woodbine, Maryland 21797-8440
Phone: 410-489-4553
Fax:  301-854-5117
Email: Markspattyesq@aol.com


Glenn C. Reynolds, Esq.
Wisconsin State Bar# 1017065
407 East Main Street
Madison, Wisconsin 53703-4276
Phone:  608-257-3621
Fax:  608-257-5551
Email:  reynlaw@earthlink.net

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Sokaogen Chippewa Community 3051 Sand Lake Rd. Crandon, WI 54520 | Dirk Kempthorne, Secretary of the Interior Ross O. Swimmer, Special Trustee for American Indians Henry M. Paulson, Jr., Secretary of the Treasury |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Forest** (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Patricia Marks 15992 A.E. Mullinix Road Woodbine, Maryland 21797 410-489-4533 | CASE NUMBER  1:06CV02247 JUDGE: James Robertson DECK TYPE: Administrative Agency Rev DATE STAMP: 12/29/2006 |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ◯ 1 U.S. Government Plaintiff
- ◯ 2 U.S. Government Defendant
- ⊗ 3 Federal Question (U.S. Government Not a Party)
- ◯ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◯ 1 | ◯ 1 | Incorporated or Principal Place of Business in This State | ◯ 4 | ◯ 4 |
| Citizen of Another State | ◯ 2 | ◯ 2 | Incorporated and Principal Place of Business in Another State | ◯ 5 | ◯ 5 |
| Citizen or Subject of a Foreign Country | ◯ 3 | ◯ 3 | Foreign Nation | ◯ 6 | ◯ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**◯ A. Antitrust**

- ☐ 410 Antitrust

**◯ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**◉ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**◯ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**◯ E. General Civil (Other)    OR    ◯ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

⑤

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original
Proceeding
○ 2 Removed
from State
Court
○ 3 Remanded from
Appellate Court
○ 4 Reinstated
or Reopened
○ 5 Transferred from
another district
(specify)
○ 6 Multi district
Litigation
○ 7 Appeal to
District Judge
from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Demand for an accounting of trust funds pursuant to 101 Stat/ 1329, Pub.L. No. 100-202

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 0    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE Dec 29, 2006    SIGNATURE OF ATTORNEY OF RECORD *Patricia Marks*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.