IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

SOKAOGON CHIPPEWA COMMUNITY )
(aka MOLE LAKE BAND OF LAKE )
SUPERIOR CHIPPEWA INDIANS), )
                                                                             )
      Plaintiff, )
                                                                             )
v. )         Case No. 06cv02247-JR
                                                                             )
DIRK KEMPTHORNE, )
Secretary of the Interior, et al., )
                                                                             )
      Defendants. )
_____)

**PARTIES' JOINT MOTION FOR
EXTENSION OF TEMPORARY STAY OF LITIGATION
AND [PROPOSED] ORDER**

      Pursuant to Rule 6.1 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and Local Civil Court Rule (LCvR) 7, the parties respectfully make this joint motion for extension of the temporary stay of litigation, to and including October 26, 2007. The grounds for the joint motion are set forth in the following supporting joint status report:

      1.     Plaintiff filed this case on December 29, 2006. See Complaint, Doc. 1. Also on that day, Plaintiff filed a companion case for damages in the United States Court of Federal Claims (CFC), Sokaogon Chippewa Community v. United States, No. 06-cv-00930-LJB (Fed. Cl.). Plaintiff makes allegations in both cases relating to the trust accounting and trust management responsibilities allegedly owed by Defendants to Plaintiff.

      2.     Under the Court's April 23, 2007 order, the litigation of this case is temporarily stayed until June 27, 2007.

      3.     Since the filing of this case and the companion case in the CFC, Plaintiff's counsel, Glenn C. Reynolds, and Defendants' counsel have discussed and agreed that they would explore the

possibility of resolving Plaintiff's issues and claims through settlement discussions or alternative dispute resolution (ADR) processes; that they would undertake such activities as informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and that they would seek temporary stays of litigation, thus deferring Defendants' obligation to file its Answer or otherwise respond to the Complaint in this case, as well as the parties' obligations to comply with the requirements of RCFC Appendix A, among other things, so as to enable or facilitate the parties' settlement discussions.

4. Also, counsel for the parties have discussed that, by Defendants' calculation, there are presently about 102 Tribal trust accounting and trust mismanagement lawsuits pending against Defendants in this Court;[1] in the United States District Courts in Oklahoma;[2] and in the CFC.[3] Doc. # 8, Exh. 1.

5. The parties herein believe that it would be in their best interests to work together and resolve Plaintiff's issues and claims in this case and the CFC companion case, without the need for protracted litigation, if possible. Accordingly, the parties' counsel have agreed that the parties should seek to stay the litigation of this case and formulate and execute an appropriate, amicable, and mutually satisfactory alternative resolution of Plaintiff's issues and claims.

6. To that end, the parties' counsel are preparing to confer and establish an informal

---

[1] There are currently 37 cases pending in the United States District Court for the District of Columbia.

[2] There are currently nine cases in the United States District Courts in Oklahoma. Id.

[3] Given that, upon unopposed motion by the plaintiff, the CFC dismissed, without prejudice, Miami Tribe of Oklahoma v. United States, No. 06cv00939-ECH, on May 22, 2007, there are now 56 cases in the CFC. See Doc. #8, Exhibit (Exh.) 1.

settlement discussion process between Plaintiff, its counsel, and its officials; and Defendants, their counsel, and the appropriate officials and/or staffers from the United States Department of the Interior and the United States Department of the Treasury (i.e., the principally affected federal agencies in this case).

7.  To advance this proposed informal settlement discussion process, the parties' counsel have established a process through which, upon informal request by Plaintiff, Defendants will provide to Plaintiff copies or images of or access to certain non-privileged documents and/or data relating or potentially relating to Plaintiff's issues and claims in this case and its CFC companion case. Among other documents, Defendants have produced to Plaintiff the results and supporting materials relating to the Tribal trust fund account reconciliation project, conducted by the Interior Department (through its contractor, Arthur Andersen, LLP), on the 1972-1992 period of the Tribes' accounts. The parties plan to schedule a meeting in August or September, 2007, in which Interior, principally, the Office of Historical Trust Accounting (OHTA), and its accounting consultants will make a presentation to Plaintiff, its counsel, and its officials, about the trust fund account reconciliation project results and explain various aspects thereof, including the reconciliation methodologies, analyses, and documentation.

8.  The parties' counsel intend to negotiate the terms and conditions of joint stipulations and proposed orders to protect the confidentiality of certain documents and data to be provided by Defendants to Plaintiff and to protect the confidentiality of the parties' settlement discussions. Upon completion of the negotiations, counsel will execute and file the joint stipulations with this Court and the CFC for their review and possible approval and entry as orders.

9.  The parties intend to evaluate and discuss the possible applicability of the project

currently being undertaken by the Inter-Tribal Monitoring Association (ITMA) and OHTA to address certain trust accounting and trust fund mismanagement claims, to the claims being raised in this case and in the District Court companion case. Defendants have provided some materials about the ITMA-OHTA project to Plaintiff, and they expect to provide other materials to Plaintiff shortly.

10. The parties have made progress in their efforts to determine the possibility of resolving Plaintiff's issues and claims, without the need for protracted litigation. At the same time, however, the parties require time to complete their discussions; continue their informal document production process; and establish and implement an informal settlement discussion process.

11. Based on the foregoing, the parties hereby respectfully request that the Court grant the following relief:

    a. Extend the temporary stay of litigation in this case, to and including October 26, 2007;

    b. Continue the deferral of, among other things, the obligation for Defendants to file their Answer or otherwise respond to the Complaint until after the termination of the temporary stay and the obligation of the parties to comply with the requirements of RCFC Appendix A;

    c. Order that the parties file a joint status report on or before October 26, 2007, informing the Court of the status of their efforts to resolve the issues and claims of this case, and making a proposal—by motion, if appropriate—to the Court about whether and how to proceed with this case.

12. On the one hand, the granting of this joint motion would serve the public interest by

promoting judicial economy and efficiency and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein. On the other hand, the denial of the joint motion would unduly interfere with the parties' ability to work with each other and devise an efficient, cost-effective, and resource-conserving way for resolving the issues and claims in this case and in Plaintiff's CFC companion case, without the need for extended litigation. Additionally, it would not support or advance Defendants' ability to address and possibly handle the other Tribal trust case accounting and trust mismanagement cases that have been filed in this and other United States District Courts and in the CFC, in a similar, non-litigation-oriented manner.

    WHEREFORE, the parties respectfully request that their joint motion be GRANTED.

    Respectfully submitted this 26th day of June, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Martin J. LaLonde for*
   *s/ Patricia A. Marks*            *s/ Martin J. LaLonde*
PATRICIA A. MARKS            MARTIN J. LALONDE
15992 A.E. Mullinix Road         ANTHONY P. HOANG
Woodbine, MD 21797-8440       CAROL DRAPER
Tel: (410) 489-4553              United States Department of Justice
Fax: (301) 854-5117             Environment and Natural Resources Division
                                        P.O. Box 663
Attorney of Record for Plaintiff      Washington, D.C. 20044-0663
                                        Tel: (202) 305-0247 / 0241 / 0465
                                        Fax: (202) 353-2021

                                        Attorneys for Defendant

OF COUNSEL:                   OF COUNSEL:

GLENN C. REYNOLDS          SHANI WALKER
407 East Main Street             Office of the Solicitor
Madison, WI 53703              United States Department of the Interior

Tel: (608) 257-3621  
Fax: (608) 257-5551

Washington, D.C.  20240

RACHEL HOWARD  
Office of the Chief Counsel  
Financial Management Service  
United States Department of the Treasury  
Washington, D.C.  20227

IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOKAOGON CHIPPEWA COMMUNITY )<br>(aka MOLE LAKE BAND OF LAKE )<br>SUPERIOR CHIPPEWA INDIANS), )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, )<br>Secretary of the Interior, et al., )<br>)<br>    Defendants. )<br>_____) | Case No. 06cv02247-JR |

**[PROPOSED] ORDER**

This matter is before the Court on the parties' joint motion for temporary stay of litigation. Upon consideration of the joint motion and for good cause shown, it is hereby ordered that

    1.    The parties' joint motion should be and hereby is GRANTED;

    2.    Effective immediately, the litigation of this case, including Defendants' time and obligation to file their Answer or otherwise respond to the Complaint, is temporarily stayed until October 26, 2007;

    3.    The parties shall file a joint status report on or before October 26, 2007, informing the Court of the status of their efforts to resolve the issues and claims of this case (if any) and of Plaintiff's companion case, Sokaogon Chippewa Community v. United States, No. 06-cv-00930-LJB (Fed. Cl.), and making a proposal and joint motion, if appropriate, to the Court about whether and how to proceed with this case; and

    4.    In the event that the parties seek to reinstate and proceed with the litigation of this case, the parties shall set forth, in their joint status report and motion, if appropriate, their recommendations regarding the deadlines for such items as the filing by Defendants of their Answer

or response to the Complaint and the compliance with the requirements of Local Civil Court Rule 16.

    SO ORDERED.

Date: _____       _____
                                                                         HON. JAMES ROBERTSON
                                                                         United States District Court