IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SOKAOGON CHIPPEWA COMMUNITY (aka MOLE LAKE BAND OF LAKE SUPERIOR CHIPPEWA INDIANS),

Plaintiff,

v.

DIRK KEMPTHORNE, Secretary of the Interior, et al.,

Defendants.

Case No. 06-cv-02247-JR

**PARTIES' SECOND JOINT MOTION FOR EXTENSION OF TEMPORARY STAY OF LITIGATION, SUPPORTING JOINT STATUS REPORT, AND [PROPOSED] ORDER**

Pursuant to this Court's order dated April 11, 2008, Plaintiff and Defendants (the parties) respectfully make this second joint motion for extension of the temporary stay of litigation, to and including October 23, 2008. The grounds for the second joint motion are set forth in the following supporting joint status report:

1. Plaintiff filed this case on December 29, 2006. See Complaint, Docket No. (Dkt.) 1. Additionally, Plaintiff filed a parallel case for declaratory and injunctive relief in the United States Court of Federal Claims (CFC), Sokaogon Chippewa Community v. United States, No. 06-cv-930-LJB, on December 29, 2006. Plaintiff makes allegations in both cases relating to the trust accounting and trust management responsibilities allegedly owed by Defendants to Plaintiff.

2. At Plaintiff's request, the Court issued an order on April 11, 2008, temporarily staying the litigation of this case until July 25, 2008. Dkt. 26.

3. Since the filing of Plaintiff's cases in this Court and in the CFC, counsel for the

Parties have conferred and agreed that it would be in the best interests of the Parties to explore the possibility of resolving Plaintiff's issues and claims through settlement discussions or alternative dispute resolution (ADR) processes and without the need for protracted litigation; that they would undertake such activities as informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and that they would seek temporary stays of litigation, thus deferring Defendants' obligation to file their Answer or otherwise respond to the Complaint in this case, among other things, so as to enable or facilitate the Parties' settlement discussions.

4. Many of the documents and data requested by Plaintiff contain confidential information that require the entry of appropriate protective orders by this Court and the CFC. The Parties filed a Joint Stipulation Regarding the Confidentiality of Documents, Data, and Other Materials to be Provided by Defendants to Plaintiff in this case on June 10, 2008. Dkt. 30. This Court entered the Parties' joint stipulation as a minute order on June 19, 2008. The Parties are requesting an essentially identical order from the CFC as well. They are awaiting the outcome of the CFC's review and determination on their request.

5. Since April 11, 2008, the Parties have continued to work jointly to identify, locate, and exchange documents in Defendants' possession that Plaintiff has requested be produced pursuant to Plaintiff's informal discovery requests. By letter dated July 24, 2008, Defendants produced to Plaintiff 313 images (14 documents) responsive to Plaintiff's informal requests for production. These documents included certain OmniTrust statements and Trust Fund Accounting System reports containing account investment and/or accounting information. In addition, Defendants provided to Plaintiff a searchable database, in MS Access format, containing the results

of Defendants' search of the Box Index and Search System (BISS) for boxes of inactive Indian trust documents that are located at the AIRR and that respond or potentially respond to Plaintiff's requests. That database should allow Plaintiff to identify and locate boxes that may contain relevant or potentially relevant documents at the AIRR, and select such documents for imaging.

6. Eventually, the non-privileged images of the records selected by Plaintiff will be produced to Plaintiff, on a rolling basis, after they have been electronically scanned and coded by an Interior Department contractor and after the Solicitor's Office of the Interior Department and the Department of Justice have conducted the appropriate privilege and due diligence reviews, respectively. The Parties expect that Defendants' responses to Plaintiff's document and data production will enable or assist the Parties to move forward with their settlement discussion efforts.

7. The Parties have made some progress in their efforts to determine the possibility of resolving Plaintiff's issues and claims, without the need for protracted litigation. At the same time, however, the Parties require additional time to complete their discussions; implement their foregoing plans; undertake their informal document production process; and establish and proceed with an informal settlement discussion process.

8. The Parties believe that it would be a wise, efficient, and conservative use of their scarce resources to align the deadlines and schedules in this case and in Plaintiff's parallel case in the CFC. Accordingly, on July 24, 2008, counsel for the Parties conferred by telephone and agreed that the Parties would file status reports in both cases and request that the temporary stays of litigation be extended to and including October 23, 2008, so that the Parties could continue their informal document production efforts and settlement discussions.

9. Accordingly, the Parties hereby respectfully request that the Court grant the following

relief:

a. Extend the temporary stay of litigation in this case, to and including October 23, 2008;

b. Continue the deferral of, among other things, the obligation for Defendants to file its Answer or otherwise respond to the Complaint, and any other litigation-related obligations, until after the termination of the temporary stay;

c. Order that the Parties file a joint status report on or before October 23, 2008, informing the Court of the status of their efforts to resolve the issues and claims of this case, and making a proposal—by motion, if appropriate—to the Court about whether and how to proceed with this case.

10. The granting of this joint motion will not cause any prejudice or harm to the rights and interests of the Parties. Rather, it will promote the goals of judicial efficiency and economy and also serve the Parties' interests by conserving their limited resources for informal document and data production and settlement discussions or alternative dispute resolution. The denial of the joint motion will impair the Parties' ability, however, to work jointly and cooperatively to devise an efficient, cost-effective, and resource-conserving way for resolving Plaintiff's trust accounting and trust mismanagement issues and claims, without the need for extended litigation.

WHEREFORE, the Parties respectfully request that their joint motion be GRANTED.

Respectfully submitted this 25th day of July, 2008,

*s/ Glenn C. Reynolds, by /s/ Matthew M. Marinelli pursuant to written authorization on July 25, 2008*
GLENN C. REYNOLDS

RONALD J. TENPAS
Assistant Attorney General

*s/ Matthew Marinelli*
MATTHEW MARINELLI, IL Bar # 6277967

WI Bar # 1017065
Reynolds & Associates
407 East Main Street
Madison, WI 53703-4276
Tel: (608) 257-3621
Fax: (608) 257-5551

PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117

Attorneys for Plaintiff

ANTHONY P. HOANG, FL Bar # 798193
KEVIN E. REGAN, OR Bar # 044825
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0293
Tel: (202) 305-0241
Tel: (202) 305-3022
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

SHANI WALKER
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

THOMAS KEARNS
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

**[PROPOSED] ORDER**

SO ORDERED.

Date: ____________

____________________________________
HON. JAMES ROBERTSON
United States District Court